Case 3:10-cv-02417-L   Document 8   Filed 10/29/12   Page 1 of 13   PageID 54

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
OCT 29 2012
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RELVY ESQUIVEL, 37446-177, ) | |
|     Petitioner, ) | |
| v. ) | 3:10-CV-2417-L |
| ) | 3:08-CR-0174-L |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I. Procedural Background

On August 25, 2008, Petitioner pled guilty without a plea agreement to possessing 500 grams or more of cocaine with the intent to distribute. On February 3, 2009, he was sentenced to 240 months imprisonment and a four-year term of supervised release. On December 1, 2009, the Fifth Circuit Court of appeals affirmed the conviction and sentence. *United States v. Esquivel*, 352 Fed. Appx. 890 (5th Cir. 2009). Petitioner did not file a petition for writ of certiorari with the Supreme Court.

On November 29, 2010, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. He argues he received ineffective assistance of counsel when:

(A)  counsel failed to investigate issues involving the confidential informant;

(B)  counsel failed to attack the investigation and entrapment of Petitioner;

(C)    counsel failed to hire an expert in fingerprints;

(D)    counsel failed to argue that the government did not disclose exculpatory material;

(E)    counsel failed to investigate threats against the Petitioner which rendered Petitioner's guilty plea involuntary;

(F)    counsel advise Petitioner to plead guilty without a plea agreement;

(G)    counsel failed to object to Petitioner's criminal history calculation;

(H)    counsel failed to object to the Court's determination of drug quantity and relevant conduct;

(I)    appellate counsel failed to argue that the Court's determination of the drug quantity violated his Sixth Amendment rights; and

(J)    appellate counsel failed to timely inform him of the Fifth Circuit's decision on direct appeal, causing him to miss the deadline for filing a petition for writ of certiorari.

On March 31, 2011, Respondent filed its answer. Petitioner did not file a reply. The Court now finds that the petition should be denied and that a certificate of appealability should be granted regarding Petitioner's claim that appellate counsel failed to timely inform him of the Fifth Circuit's decision on direct appeal, causing him to miss the deadline for filing a petition for writ of certiorari.

## II. Factual Background

The following factual background is taken from the PSR and sentencing transcripts.

Agents with the Drug Enforcement Administration ("DEA") investigated Petitioner's drug-trafficking activities with the help of a confidential informant. The informant had been

arrested in the Eastern District of Texas for possessing cocaine with the intent to distribute and, thereafter, began cooperating with the DEA.

The informant made a series of recorded phone calls to Petitioner negotiating the purchase of large quantities of cocaine. On May 15, 2008, the informant and Petitioner agreed to a drug transaction involving five kilograms of cocaine for $17,800 per kilo. During the recorded calls, Petitioner told the informant the cocaine was at his house and instructed the informant to come to his house to make the purchase. Before the transaction, the informant and a DEA agent drove by Petitioner's house to confirm its location and layout.

Based on the informant's information, the recorded calls, and the past reliability of the informant, DEA agents obtained a state search warrant for Petitioner's residence. The warrant was executed on May 15, 2008. Agents had the informant call Petitioner to lure him outside his home so he could be detained prior to entering his house. Agents approached Petitioner's house and saw him standing outside talking on a cell phone. When the agents got out of their cars wearing police markings and identifying themselves, Petitioner immediately ran inside his home.

Agents entered the house and secured Petitioner and another person. Inside Petitioner's pockets, agents found a small silver tube containing cocaine residue and also found $2300. Petitioner told agents that he was a Mexican citizen and that he had been living at the residence for the past three months. The evidence, however, showed Petitioner had lived there for the past few years and probably as far back as 2005. (Sent. Tr. at 29, 73.)

From Petitioner's house, Agents recovered more than four kilograms of cocaine, 30 empty kilogram wrappers from the trash, and two pounds of marijuana. Throughout the house, and mixed with the drugs, agents recovered seven guns: a Makarov 9mm pistol, a Kember 9mm

pistol, a Lama .45 caliber pistol, a Hipoint 9mm rifle, a Springfield Armory 9m pistol, a Marlin 30/30 rifle, and a Savage 7mm rifle. Agents also recovered more than $100,000 hidden in a hallway closet, the master bedroom and an air vent. Agents also recovered numerous items indicative of drug trafficking including: (1) drug ledgers; (2) digital scales; (3) Western Union receipts for $999.99; (4) several boxes of food-saver bags; (5) a money counter; (6) numerous vacuum sealers; (7) cellophane wraps; and (8) numerous cell phones and sim cards.

On August 25, 2008, Petitioner pled guilty to possessing 500 grams or more of cocaine with the intent to distribute. The Court sentenced him to 240 months imprisonment and a four-year term of supervised release.

### III. Discussion

**Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different

outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206. This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id.* at 206 (citing *Hill*, 474 U.S. at 56-58).

### A. Investigation and Entrapment

Petitioner argues that the drugs, guns and money found in his house actually belonged to the confidential informant and that his counsel failed to prove this claim. He states his counsel should have hired a fingerprint expert to testify that the confidential informant's fingerprints were on the drugs, guns and money. He also states his counsel was ineffective for failing to argue that the confidential informant and the government entrapped him into committing this offense, and that the government withheld exculpatory material.

Petitioner has submitted no evidence that the drugs, guns and/or money found in his home belonged to the confidential informant. He has also failed to submit any evidence that the confidential informant's fingerprints were on the evidence found in his home, or that the government withheld any exculpatory material. Petitioner's claims are conclusory and should be

Page 5

denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

Additionally, Petitioner has failed to show his counsel was ineffective for failing to argue that Petitioner was not guilty because of entrapment. "Entrapment occurs when the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000).

In this case, the drug ledgers found in Petitioner's home showed that he had engaged in on-going drug sales back to 2005, and that he had sold hundreds of kilograms of cocaine prior to the transaction involved in this case. (Sent. Tr. 11; 13 - 23; PSR Addendum.) The evidence shows the government did not induce Petitioner to commit the offense. Petitioner's counsel was not required to make a frivolous argument. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

### B. Guilty Plea

Petitioner argues his counsel was ineffective because he failed to investigate threats made by the confidential informant against Petitioner. Petitioner states the confidential informant threatened him and his family if he did not plead guilty. Petitioner also argues his guilty plea was involuntary because his counsel falsely promised him that he would receive a three-level Guideline reduction for acceptance of responsibility, and that the calculation of the drug quantity was increased in the PSR addendum.

A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant

circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28. A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

In this case, Petitioner testified that no one had threatened him or attempted in any way to force him to plead guilty. (Plea Tr. at 9-10.) He also stated no one had made him any promise or assurance of any kind in an effort to have him plead guilty. (*Id.* at 9.) He stated no one had made any promise or prediction as to what his sentence would be. (*Id.* at 14.) Petitioner also stated he understood that his sentence range was a minimum of five years in prison and a maximum of forty years in prison. (*Id.* at 12.) He stated he fully reviewed the indictment with his attorney.

Page 7

(*Id.* at 7.) He was read the essential elements of the offense and he admitted to committing the essential elements of the offense. (*Id.* at 8-9, 17.) Petitioner has failed to show that his guilty plea was not voluntarily and knowingly entered, and/or that he received ineffective assistance of counsel.

### C. Plea Agreement

Petitioner argues his counsel was ineffective for advising him not to sign the plea agreement, and to instead plead open to the Court. He states his counsel failed to inform him that if he failed to sign the plea agreement, the government would refuse to move for an additional one level reduction for acceptance of responsibility. He also states his counsel failed to file any pretrial motions, and failed to object to the increased drug amount listed in the PSR addendum.

The record shows that at paragraph 19 of the PSR, the government stated it would not file a motion for a one-level sentence reduction because Petitioner failed to waive his right to appeal. Petitioner stated he fully discussed the PSR with his counsel. (Sent. Tr. at 4.) He was therefore aware that he would not receive this one-level reduction.

Defense counsel also objected to the government's refusal to move for an additional one-level reduction. (Sent. Tr. at 33-34.) At sentencing, defense counsel explained to the Court why he advised Petitioner not waive his right to appeal, and also argued that the government should not be allowed to deny Petitioner a one-level reduction because Petitioner failed to waive his right to appeal. (Sent. Tr. at 49-51.) Petitioner's claim that his counsel was ineffective for advising him not to sign the plea agreement, and/or his claim that his counsel failed to inform him that the government would not move for an additional one-level reduction if he did not sign the plea agreement is without merit.

Additionally, Petitioner claims his counsel failed to file pretrial motions. Petitioner fails to show how filing any pretrial motion would have created a reasonable probability that the result of the proceedings would have been different.

He also argues his counsel should have objected to the increased drug amount in the PSR addendum. In the original PSR, Petitioner was held responsible for the four kilograms of cocaine found at his house. The government objected to the PSR, arguing that it did not account for all of the cocaine trafficked by Petitioner. The government argued Petitioner should be held responsible for an additional thirty kilograms of cocaine as evidenced by the cocaine wrappers found in Petitioner's trash. The government also argued Petitioner should be held accountable for the $114,702 in cash derived from cocaine sales, and the drug sales listed in the drug ledgers. The addendum to the PSR determined that Petitioner was responsible for trafficking at least fifty kilograms of cocaine, rather than only four kilograms as stated in the original PSR. (PSR Addendum at ¶ 13.) This change resulted in an increase in the base offense level from thirty to thirty-six. Petitioner, however, has not stated any non-frivolous objection that his counsel could have made to the calculation of the drug amount. Petitioner's claim should be denied.

### D. Criminal History

Petitioner argues his counsel was ineffective for failing to object to his criminal history calculation. He complains that he received one criminal history point for an August 8, 2003, state court conviction and that he received two criminal history points under the "recency rule."

Paragraph 30 of PSR lists a August 8, 2003, state court conviction for possession of a controlled substance. Petitioner received a ten-year sentence that was suspended for ten years. On August 29, 2005, a motion to revoke his probation was filed because Petitioner failed to

report to his probation officer, failed to pay the monthly supervision fee and failed to make his monthly payments to satisfy his fine, court costs, collection fees and restitution. (PSR ¶ 30.) Petitioner was given one criminal history point under USSG § 4A1.1(c) for this conviction.

Petitioner argues his counsel should have objected that this conviction was obtained in violation of his right to counsel because the prosecutor directly contacted him while he was represented by counsel. He also states the revocation was unlawful because he had been deported to Mexico and was unable to comply with the terms of his supervised release.

Petitioner has submitted no evidence that his state conviction was obtained in violation of his constitutional rights. Defense counsel was not required to file a frivolous objection to his conviction. *Gibson*, 55 F.3d at 179. Also, Petitioner was not given two criminal history points for a revocation. The PSR states only that a motion to revoke was filed. Petitioner instead was given two criminal history points because he committed the instant offense while he was on probation for another offense. (*See* USSG § 4A1.1(d); PSR at ¶ 32.). This claim is without merit and should be denied.

### E. Jury Rights

Petitioner argues his counsel was ineffective because he did not argue that the Court's determination of the drug quantity and relevant conduct violated his Sixth Amendment right to a jury.

Under *United States v. Booker*, 543 U.S. 220 (2005), "error occurs when the sentencing judge bound by mandatory Guidelines increases the defendant's sentence range based on facts not found by the jury or admitted by defendant." *United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009). In this case, the Court made clear that it understood the Sentencing Guidelines

were advisory only. (Sent. Tr. at 4-5.) The Sixth Amendment therefore did not preclude the Court from finding all facts relevant to determining the sentence. *Whitfield*, 590 F.3d at 367. This claim should be denied.

### F. Appellate Counsel

Petitioner argues he received ineffective assistance of counsel on appeal because: (1) counsel failed to argue that the trial Court's determination of the drug quantity violated his Sixth Amendment rights; and (2) counsel failed to timely inform him of the Fifth Circuit's decision on direct appeal, which caused him to miss the deadline for filing a petition for writ of certiorari with the Supreme Court.

As discussed above, the Court's determination of the drug quantity did not violate Petitioner's Sixth Amendment rights. This claim should be denied.

The government and Petitioner both agree that defense counsel failed to timely inform Petitioner of the Fifth Circuit's decision on direct appeal. The Fifth Circuit issued its mandate on direct appeal on November 24, 2009. Petitioner then had ninety days, or until February 22, 2010, to file a petition for writ of certiorari. Defense counsel, however, did not inform Petitioner of the Fifth Circuit's ruling until March 4, 2010.

Under the Fifth Circuit's "Plan for Representation on Appeal Under the Criminal Justice Act," appellate counsel is required to "promptly" notify the client of the appellate decision in his case and "advise the client in writing of the right to seek further review by filing a petition for writ of certiorari with the United States Supreme Court." *United States v. Johnson*, 308 Fed. Appx. 768, 768 (5th Cir. 2009). The Fifth Circuit has determined that the proper remedy for this claim is for the Fifth Circuit to vacate its original judgment and mandate and reenter it, thereby

Page 11

renewing the ninety day period to petition for certiorari review. *Id.* at 769. This Court therefore recommends that a certificate of appealability be issued on this claim so that the Fifth Circuit, if it so chooses, may vacate and reenter its original judgment and mandate.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied. The Court further recommends that the District Court grant a certificate of appealability for Petitioner's claim that appellate counsel failed to timely inform him of the Fifth Circuit's decision on direct review.

Signed this 29 day of October, 2012.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).